**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YURSIL KIDWAI, on behalf of himself and
others similarly situated,

                    Plaintiff,

- vs —

HUDSON COUNTY PROSECUTOR'S
OFFICE, *et al.*

                    Defendants.

Civil Action No. 23-23206-ES-ESK

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO HUDSON COUNTY
PROSECUTOR OFFICE DEFENDANTS' MOTION TO DISMISS**

---

Mark A. Berman, Esq. (035741993)
Kelly A. Zampino, Esq. (015192010)
Alexandra M. MacDonald, Esq. (383072023)
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA LLP**
433 Hackensack Avenue
Hackensack, New Jersey 07601
t: (201) 441-9056
e: mberman@hdrbb.com

*Attorneys for Plaintiff
Yursil Kidwai*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT .......................................................................... 4

FACTS ............................................................................................................... 4

ARGUMENT ..................................................................................................... 6

    I.     THE COURT SHOULD DENY DEFENDANTS' MOTION TO
           DISMISS BECAUSE SUAREZ AND WEINER ARE NOT ENTITLED
           TO ABSOLUTE PROSECUTORIAL IMMUNITY ............................................. 6

    II.    THE COURT SHOULD DENY DEFENDANTS' MOTION TO
           DISMISS PLAINTIFF'S SECTION 1983 CLAIMS BECAUSE
           PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO STATE A
           CAUSE OF ACTION. ........................................................................... 10

    III.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO
           DISMISS BECAUSE DEFENDANTS WERE SUED IN THEIR
           INDIVIDUAL CAPACITIES. ................................................................. 15

    IV.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO
           DISMISS PLAINTIFF'S FAILURE TO TRAIN CLAIM BECAUSE THE
           COMPLAINT ALLEGES FACIALLY PLAUSIBLE FACTS
           SUFFICIENT TO STATE SUCH A CLAIM. ........................................... 16

    V.    THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS
           PLAINTIFF'S CONSPIRACY CLAIM UNDER 42 U.S.C. § 1985
           BECAUSE PLAINTIFF HAS ALLEGED FACIALLY PLAUSIBLE
           FACTS SUFFICIENT TO STATE A CLAIM. ........................................ 17

    VI.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO
           DISMISS BECAUSE THE COMPLAINT IS TIMELY. ..................................... 19

CONCLUSION ................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Adie v. Stewart*, No. 20-6200, 2020 U.S. Dist. LEXIS 239506, 2020 WL 7488897 (D.N.J. Dec. 21, 2020) ................................................................................................................ 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 12, 14

*Bair v. City of Atlantic City*, 100 F.Supp.2d 262 (D.N.J. 2000) ................................... 11

*Beasley v. Howard*, 623 F. Supp. 3d 434 (D.N.J. 2022) ............................................... 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 11

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ............................................................... 9

*Callaway v. Small*, 576 F. Supp. 3d 232 (D.N.J. 2021) ............................................... 19

*Carter v. City of Phila.*, 181 F.3d 339 (3d Cir. 1999) .................................................... 9

*Dique v. N.J. State Police*, 603 F.3d 181 (3d Cir. 2010) .............................................. 20

*Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850 (3d Cir. 2014) ......... 17, 20

*Fogle v. Sokol*, 957 F.3d 148 (3d Cir. 2020) .............................................................. 7, 9

*Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979) ....................................... 10

*Hafer v. Melo*, 502 U.S. 21 (1991) ........................................................................ 13, 17

*Hull v. Global Dig. Sols., Inc.*, No. 16-5153, 2017 U.S. Dist. LEXIS 208191, 2017 WL 6493148 (D.N.J. Dec. 19, 2017) .................................................................................. 20

*Imbler v. Pachtman*, 424 U.S. 409 (1975) .................................................................... 7

*Jones v. Brown*, 461 F.3d 353 (3d Cir. 2006) .............................................................. 13

*Kalina v. Fletcher*, 522 U.S. 118 (1997) .................................................................... 8, 9

*Katz v. United States*, 389 U.S. 347 (1967) ................................................................ 13

*Odd v. Malone*, 538 F.3d 202 (3d Cir. 2008) ................................................................ 7

*Physics v. Nationwide Ins.*, 524 F. Supp. 3d 372 (D.N.J. 2021) ................................... 12

*Pomykacz v. Borough of W. Wildwood*, 438 F. Supp. 3d 504 (D.N.J. 2006) ............... 12

*Reitz v. County of Bucks*, 125 F.3d 139 (3d Cir. 1997) ............................................... 18

*Roberts v. Lau*, 90 F.4th 618 (3d Cir. 2024) ............................................................. 7, 9

*Rochin v. California*, 342 U.S. 165 (1952) ................................................................. 14

*S. Broward Hosp. Dist. v. MedQuist, Inc.*, 516 F. Supp. 2d 370 (D.N.J. 2007) .................... 12, 16

*Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011) ......................................................... 8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ...................................................... 11

*Thomas v. Wilbert*, No. 09-4796, 2011 U.S. Dist. LEXIS 2347, 2011 WL 91001 (D.N.J. Jan. 11, 2011) .................................................................................................. 13

*United States v. Costanzo*, 740 F.2d 251 (3d Cir. 1984) ............................................... 14

*Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) ......................................................... 9

*Weatherford v. Bursey*, 429 U.S. 545 (1997) .............................................................. 14

*Wertz v. Inmate Calling Sols. LLC*, 2024 U.S. Dist. LEXIS 39892 (W.D. Pa. March 7, 2024) ....................................................................................................... 13

*West v. Atkins*, 487 U.S. 42 (1988) ......................................................................... 12

*White v. City of Vineland*, 500 F. Supp. 3d 295 (D.N.J. 2020) ......................................... 18

*Whitenight v. Elbel*, 2017 U.S. Dist. LEXIS 55234 (W.D. Pa. April 10, 2017) ..................... 13

*Yarris v. County of Delaware*, 465 F.3d 129 (3d Cir. 2006) ............................................. 8

## CONSTITUTIONAL PROVISIONS

N.J.S.A. 2A:14-2 .................................................................................................. 20

## STATUTES & RULES

Fed. R. Civ. P. 8 .............................................................................................. 11, 16

Fed. R. Civ. P. 12 ............................................................................................... 12

## OTHER AUTHORITIES

U.S. Const. amend. IV ..................................................................................... 13, 14, 18

U.S. Const. amend. VI ..................................................................................... 13, 14, 18

U.S. Const. amend. XIV ...................................................................................... 14, 18

## PRELIMINARY STATEMENT

Plaintiff Yursil Kidwai's attorney-client telephone calls were recorded while he was incarcerated as a pretrial detainee at Defendant Hudson County Correctional Facility ("HCCF") and then reviewed by Defendant Hudson County Prosecutor's Office ("HCPO") as part of their prosecution of Kidwai. Kidwai only became aware of this egregious conduct when he received from his defense attorneys the summary of Kidwai's privileged telephone calls prepared by Defendant HCPO Detective Ashley Rubel for Defendant (former) Assistant Chief Hudson County Prosecutor Jane Weiner and Defendant HCPO Detective Leslie Murphy, which HCPO inadvertently produced in discovery. Rather than accepting responsibility for their gross violation of Plaintiff's clearly established constitutional rights, the HCPO Defendants seek to evade being held responsible by moving to dismiss the Complaint.

Although HCPO itself must be dismissed as a defendant, as discussed below: (i) Defendant Hudson County Prosecutor Esther Suarez and Defendant Weiner are not entitled to absolute prosecutorial immunity because the at-issue conduct was investigative, not prosecutorial; (ii) Defendants are amenable to suit in their individual capacities; (iii) Plaintiff has pleaded sufficient facts to state a claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1985; and (iv) Plaintiff's Section 1983 claim is not time-barred. Therefore, the Court should deny the HCPO Defendants' motion to dismiss.

## FACTS

As alleged in the Complaint, Kidwai was at all relevant times an inmate incarcerated at Defendant Hudson County Correctional Facility ("HCCF"), a subagency of Defendant Hudson County's Department of Corrections and Rehabilitation ("HCDC&R"), after being charged with a criminal offense in Hudson County, New Jersey. Compl. ¶¶ 5, 26. During his incarceration, Kidwai was represented by counsel. Compl. ¶ 27. Defendant Ronald Edwards was, at the time, the Director

of HCDC&R, Compl. ¶ 11, and the following Defendants were employed by HCPO: (i) Defendant Esther Suarez was the Hudson County Prosecutor; (ii) Defendant Jane Weiner was the Assistant Chief Hudson County Prosecutor; (iii) Defendant Ashley Rubel was a HCPO detective; (iv) Defendant Julia Medina was a HCPO detective; and (v) Defendant Leslie Murphy was a HCPO detective sergeant and supervisor of Rubel and Medina (collectively the "HCPO Defendants"). Compl. ¶¶ 6, 7, 8, 9, 10, 12. Suarez and Edwards dictated the customs, policies, and practices of HCPO and HCDC&R/HCCF, respectively. Compl. ¶¶ 43, 44.

During Kidwai's incarceration, HCCF monitored and recorded Kidwai's phone calls with his attorney, which occurred either as a practice, policy, or custom of HCCF and/or was done in cooperation with or at the direction of HCPO. Compl. ¶ 29. HCCF provided Kidwai's privileged attorney-inmate telephone conversations to HCPO. Compl. ¶ 30. Weiner and/or Murphy directed and/or authorized Rubel to review, digest, and summarize Kidwai's confidential attorney-client telephone conversations. Compl. ¶¶ 31-33. Rubel shared her summary of Kidwai's privileged telephone calls with Weiner and Rubel. Compl. ¶ 31. This conduct was kept secret and was not disclosed to Kidwai's attorney because Weiner, Murphy, and Rubel were aware that their actions violated Kidwai's constitutional rights. Compl. ¶ 34.

HCPO inadvertently produced in discovery copies of Rubel's summary of Kidwai's attorney-client phone calls. Compl. ¶ 36. The information gleaned from Kidwai's conversations with his attorney was utilized when Medina executed a certification in support of a civil forfeiture application. Compl. ¶ 42.

## ARGUMENT

**I.**     **THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE SUAREZ AND WEINER ARE NOT ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.**

Defendants argue that the Complaint must be dismissed as to Prosecutors Suarez and Weiner because they are entitled to absolute prosecutorial immunity.[1] Because the conduct alleged in the Complaint served an investigatory function unrelated to initiating and conducting judicial proceedings, Suarez and Weiner are not protected by absolute immunity. *See Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024). Therefore, the Court should deny Defendants' motion to dismiss Plaintiff's claims against Suarez and Weiner.

On a motion to dismiss, this Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of Plaintiff. *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (applying standard vis-à-vis claim of absolute immunity). A prosecutor seeking to establish a right to absolute immunity at the motion to dismiss stage bears a "uniquely heavy" burden because, on a "motion to dismiss, it is the [prosecutor]'s conduct as alleged in the complaint that is scrutinized." *Fogle v. Sokol*, 957 F.3d 148, 160-61 (3d Cir. 2020). This means that "to earn the protections of absolute immunity, [the prosecutor] must show that the conduct triggering absolute immunity clearly appears on the face of the complaint." *Id.* at 161 (internal quotation marks and alterations omitted).

Under Third Circuit precedent, prosecutors are absolutely immune from liability under 42 U.S.C. § 1983 only for "conduct that serves a quasi-judicial function." *Roberts*, 90 F.4th at 624. *See also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1975) (holding that a prosecutor is entitled to

---

[1] Defendants argue that HCPO itself is entitled to sovereign immunity under the Eleventh Amendment because HCPO is an "arm" of the State. Defendant is persuaded by the cases cited by Defendants and agrees that HCPO is immune from suit and should be dismissed as a matter of law.

absolute immunity under Section 1983 only for the decision to initiate a prosecution and for presenting the State's case). Conduct that serves a quasi-judicial function is limited to conduct "intimately associated with the judicial phase of the criminal process or an analogous judicial proceeding." *Roberts*, 90 F.4th at 624. Conversely, administrative and investigatory conduct are not protected by absolute immunity. *Roberts*, 90 F.4th at 620-24 ("Thus, prosecutors are not entitled to absolute immunity when they perform the investigative functions normally performed by a detective or police officer.").

To determine whether a prosecutor is entitled to absolute immunity, the Court must first "ascertain just what conduct forms the basis for the plaintiff's cause of action" and then "determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011). A prosecutor is not entitled to absolute immunity simply by virtue of their position. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) ("[T]he absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.' Thus, in determining immunity, we examine 'the nature of the function performed, not the identity of the actor who performed it.'") (internal citations omitted). Thus, if a prosecutor cannot establish that they were functioning as the State's advocate when engaging in the alleged conduct giving rise to the constitutional violation, they are not entitled to absolute immunity. *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).

Here, the nature of the conduct alleged in the Complaint was investigatory. Specifically, the Complaint alleges that Rubel reviewed Kidwai's attorney-client telephone calls as part of the State's investigation of Kidwai's criminal conduct. Gathering evidence to prosecute Kidwai

constitutes an investigative function that does not involve initiating a criminal prosecution or advocating for the State in court; therefore, it is not conduct shielded by absolute immunity. *Kalina*, 522 U.S. at 127 (holding that prosecutor who executed a probable cause factual certification as the complaining witness was not entitled to absolute immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) ("[A] determination of probable cause does not guarantee a prosecutor absolute immunity from liability for all actions taken afterwards. Even after that determination, ... a prosecutor may engage in 'police investigative work' that is entitled to only qualified immunity."); *Roberts*, 90 F.4th at 626 ("Detectives can continue to investigate a crime and generate evidence after charges have been filed. Thus, the fact that a prosecutor sought to generate evidence post-charge cannot be enough to show that their conduct served a prosecutorial function."); *Fogle*, 957 F.3d at 164 (denying absolute prosecutorial immunity when "[p]rosecutors were functioning not as advocates, but as investigators seeking to generate evidence in support of a prosecution.").

Suarez also is not entitled to absolute prosecutorial immunity because she is responsible for the administrative function of setting the policies, customs, and practices of HCPO, including HCPO's policy regarding the monitoring, recording, and use of attorney-inmate communications to aid in prosecution. *Carter v. City of Phila.*, 181 F.3d 339, 356-57 (3d Cir. 1999) (holding that failure to train or supervise claim unrelated to prosecutor's quasi-judicial or advocacy role not protected by absolute immunity); *cf. Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (holding that failure to train related to prosecutor's conduct at trial protected by absolute immunity). Suarez's conduct is intertwined with Weiner's and Rubel's by virtue of her position at HCPO because the policies, customs, and practices promulgated by Suarez enabled the conduct causing the constitutional violations alleged in the Complaint. Compl. ¶¶ 43-45. Neither Suarez nor Weiner were functioning as advocates when setting policy and/or supervising/directing subordinates to

listen to Kidwai's attorney-inmate phone calls; rather the purpose of the alleged conduct was to generate evidence from Kidwai's attorney-client telephone calls to use to prosecute.

Defendants cite *Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979), for the proposition that "prosecutorial immunity encompasses [a] prosecutor's conduct in securing necessary information upon which to initiate prosecution." Defs. Br. at 20. Even assuming Defendants accurately summarized the nuance of *Forsyth*'s "narrow exception" to the general rule that prosecutors' investigative activities are not protected by absolute immunity, which they have not, this case falls outside of the Third Circuit's holding because a prosecution against Kidwai already had been initiated at the time of the unconstitutional conduct alleged in the Complaint – indeed, Kidwai was incarcerated because he already had been charged; hence, to paraphrase *Forsyth*, based upon the facts alleged in the Complaint, "the securing of information [was not] necessary to a prosecutor's decision to initiate a criminal prosecution [against Kidwai]." Moreover, the Third Circuit in *Forsyth* remanded the case for a fact hearing "to determine what role the challenged function was exercised." *Id.*[2]  The other case cases cited by Defendants involve prosecutorial conduct not at issue in this case, *e.g.*, suborning perjury before a grand jury or at trial, conduct pre-dating the initiation of a prosecution, initiating a prosecution based on unfounded criminal charges, or deciding whether to resolve a case by plea or trial. None involve the review and use of a charged defendant's attorney-client communications in an already pending prosecution.

---

[2] A fact hearing is not warranted because, as mentioned, the Complaint makes clear that the unconstitutional conduct occurred after a prosecution already had been initiated, taking this case outside the "narrow exception" recognized in *Forsyth*; indeed, Defendants have not requested a hearing in their moving papers.

Simply stated, the investigative conduct alleged in the Complaint is not protected by absolute immunity.  Therefore, the Court should deny Defendants' motion to dismiss the claims against Suarez and Weiner on the basis of absolute immunity.

## II.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECTION 1983 CLAIMS BECAUSE PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO STATE A CAUSE OF ACTION.

Defendants argue that the Complaint must be dismissed because it does not allege sufficient facts to state claim upon which relief can be granted.  For example, Defendants argue that the Complaint is insufficient because – although it alleges that Defendants reviewed communications between Kidwai and his attorney while he was a pre-trial detainee at the Hudson County Jail – it does not include the proper name of Plaintiff's attorney, the content of the communications, or other circumstances. As discussed below, the allegations in the Complaint, which must be accepted as true and viewed in the light most favorable to Plaintiff, provide sufficient notice to Defendants of the claims against which they are expected to defend. Therefore, the Court should deny the motion.

Federal Rule of Civil Procedure 8(a)(2) provides for a "simplified pleading standard that applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[H]eightened fact pleading of specifics is not required." *Id.* at 570; *see also Bair v. City of Atlantic City*, 100 F.Supp.2d 262, 268 (D.N.J. 2000) ("Plaintiffs need not state the facts supporting their claims with heightened specificity nor prove their claims at an early pleading stage."). Rather, Plaintiff need only plead enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the

court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard "is not akin to the probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotations omitted). If the plaintiff can plead enough facts to state a claim to relief that is plausible on its face, then a motion to dismiss should be denied. *See Beasley v. Howard*, 623 F. Supp. 3d 434, 438 (D.N.J. 2022). The Court should only consider the facts alleged in the pleadings, the documents thereto as exhibits, and matters of judicial notice. *Id*. at 439. Additionally, "dismissal of class certification allegations should be ordered only in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *S. Broward Hosp. Dist. v. MedQuist, Inc.*, 516 F. Supp. 2d 370, 401 (D.N.J. 2007). Dismissal at the motion to dismiss stage "should be done rarely … because the shape and form of a class action evolves only through the process of discovery." *Id*. at 401-2.  And, of course, in considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Physics v. Nationwide Ins.*, 524 F. Supp. 3d 372, 376 (D.N.J. 2021).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A person acts under color of state law when he or she exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Pomykacz v. Borough of W. Wildwood*, 438 F. Supp. 2d 504, 509 (D.N.J. 2006) (internal quotations

omitted). And, a "plaintiff in a personal-capacity suit need not establish a connection to governmental policy or custom." *Hafer v. Melo,* 502 U.S. 21, 25 (1991).

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." It is clearly established that "the Fourth Amendment governs not only the seizure of tangible items, but extends as well to the recording or oral statement." *Katz v. United States*, 389 U.S. 347, 360-61 (1967). Although prisoners generally do not have a reasonable expectation of privacy in non-attorney telephone calls once a prisoner has received notice of monitoring and recording of such calls, *Thomas v. Wilbert*, No. 09-4796, 2011 U.S. Dist. LEXIS 2347, 2011 WL 91001 (D.N.J. Jan. 11, 2011), it is well-established that prisoners retain a reasonable expectation of privacy in their attorney-client communications, intrusion on which violates the Fourth Amendment. *Wertz v. Inmate Calling Sols. LLC*, 2024 U.S. Dist. LEXIS 39892, at *10 (W.D. Pa. March 7, 2024). (recognizing that an attorney representing an inmate had an "objective expectation of privacy" under the Fourth Amendment "because society recognizes the confidentiality of attorney-client communications— even in the context of prison."); *see also*, *Whitenight v. Elbel*, 2017 U.S. Dist. LEXIS 55234, at *18 (W.D. Pa. April 10, 2017) (denying motion to dismiss inmate's Complaint because he "stated a plausible claim under the Fourth Amendment as to … the  recording of telephone calls with his attorney").

The Sixth Amendment provides that, "in all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." It is clearly established that prisoners have a Sixth Amendment right to confer privately with counsel. *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006). The right to the effective assistance of counsel is violated when a state actor intentionally intrudes upon attorney-client communications, discloses defense strategy,

and/or uses information gained from the communications to prosecute the defendant. *See Weatherford v. Bursey*, 429 U.S. 545, 554 (1997) (holding that a government informant's presence during a defendant's attorney-client communications and use of those communications to aid in prosecution may violate a defendant's Sixth Amendment right to effective assistance of counsel); *United States v. Costanzo*, 740 F.2d 251, 254 (3d Cir. 1984) (recognizing that Sixth Amendment is violated *per se* by intentional intrusions upon the attorney-client relationship).

The Fourteenth Amendment provides that a person may not be deprived of life, liberty, or property without due process of law.  Under the Due Process Clause of the Fourteenth Amendment, obtaining evidence by outrageous government conduct violates due process. *See Rochin v. California*, 342 U.S. 165, 172 (1952) (explaining that obtaining a conviction through conduct that "shocks the conscience" violates due process).

Here, Plaintiff has alleged more than a "sheer possibility" that Defendants have acted unlawfully under the Fourth, Sixth, and Fourteenth Amendments by reviewing Plaintiff's attorney-client communications and using them to prosecute him. *Iqbal*, 556 U.S. at 678. It is indisputable that the allegations in the Complaint are plausible because, as alleged in the Complaint, HCPO itself produced Rubel's summary of Plaintiff's attorney-client communications, addressed to Weiner and Murphy, and alleged that its contents were later used by Medina in a forfeiture application, all pursuant to an unconstitutional policy.  Thus, the Complaint sufficiently alleges each individual Defendant's conduct that deprived Plaintiff of his constitutional rights, providing Defendants notice of the claims and grounds for those claims. *See* Compl. ¶¶ 31-33, 42, 43, 45, 48-52.

The name of the attorney with whom Kidwai was speaking on the telephone calls reviewed by Rubel is irrelevant to the plausibility of the alleged conduct; Defendants do not explain how the

name of the attorney is necessary for Defendants to understand the nature of the claims alleged in the Complaint – it is not.  Rather, it is sufficient that the Complaint alleges (and HCPO does not dispute) that Kidwai was talking to his attorney about facts relevant to the criminal prosecution.[3] Moreover, the Complaint quotes from Medina's forfeiture certification and alleges that Medina used the information gained from the privileged attorney-client communications to certify that Plaintiff's seized funds "were utilized in the furtherance of an unlawful activity," and that the seized property "ha[d] become and/or was intended to become, an integral part of the illegal activities." The allegation is plausible because Medina had access to the phone calls or was told about the content of the privileged attorney-client phone calls. Compl. ¶ 42.

Consistent with the Supreme Court cases cited above, the type of heightened detail demanded by Defendants – regarding the identity of the specific attorney and the specific content of the privileged communications – is not required at this early pleading stage. And, contrary to Defendants' assertion that the Complaint does not refer to any documents, the Complaint in fact references Rubel's e-mail summary of Kidwai's attorney-inmate telephone conversations and quotes from Medina's forfeiture certification. Moreover, including all Defendants in the First and Third Counts of the Complaint does not detract from the facial plausibility of each Defendant's

---

[3] It is fair to say that Defendants argument in this regard is too cute by half.  Even if the actual name of the attorney were required under Rule 8(a), which it is not, the Complaint ¶ 36 alleges that Defendants produced Rubel's memo in discovery in the criminal case, so Defendants obviously have a copy of it, and they therefore know that the memo states: "Yursil calls Jef Henninger who is a family law attorney (law office has multiple locations) and speaks with another lawyer on 3 way or directly[.] Cyril or Cyro. It's hard to 100% pinpoint who it is."  The memo then proceeds to summarize Plaintiff's privilege conversations about the criminal case.  Also, it does not take a trained investigator to quickly discover that an attorney named Ciro A. Spina III is a criminal defense attorney connected to several law firms with offices in Northern New Jersey, including Jef Henninger's firm. *See* https://njdyfslawyers.com/about/ (Henninger firm); https://spina-law.com/our-team/ (Spina firm); https://rosenblumlaw.com/staff/ciro-spina/ (Rosenblum firm).

alleged conduct and does not fail to provide notice to each Defendant of the claims against them, and/or the grounds those claims are based on, because the Complaint identifies each individual's conduct that violated his constitutional rights. *See* Compl. ¶¶ 31-33, 42, 43, 45, 48-52. As such, Plaintiff's Complaint provides each Defendant with sufficient notice of the claims and conduct they must defendant against.

Plaintiff's class allegations also cannot be dismissed at this stage because the Complaint alleges that there are other inmates that were subjected to the same constitutional deprivations as Kidwai. Compl. ¶ 16(a). Although Defendants argue that the Complaint fails to identify a specific additional inmate, Rule 8(a) does not require that a specific person be identified and, in any event, Defendants are aware that Defendants at least reviewed Plaintiff's co-defendant's attorney-client telephone calls, as well. Therefore, Plaintiff should be allowed to develop the class allegations, along with the remainder of Plaintiff's allegations, through discovery. *See S. Broward Hosp. Dist.*, 516 F. Supp. 2d at 401. Moreover, HCCF, HCDC&R and Edwards have not challenged the sufficiency of the Complaint because Plaintiff has satisfied the requirements of Rule 8(a)(2). In sum, the Court should deny Defendants' motion to dismiss because Plaintiff's allegations provide sufficient notice of his claim against Defendants, including the class allegations, and Plaintiff should be allowed to develop the class allegations and remaining allegations through discovery.

## III.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE DEFENDANTS WERE SUED IN THEIR INDIVIDUAL CAPACITIES.

Defendants argue that the Complaint must be dismissed because Defendants, in their official capacities, are not "persons" amenable to suit under 42 U.S.C. §1983. Plaintiff sued Defendants in their individual capacities and they are each amendable to suit in that capacity. Therefore, the Court should deny Defendants' motion.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State of Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

The individual Defendants do not argue that they are not a "person" within the meaning of Section 1983. They are. *Hafer,* 502 U.S. at 31 ("State officials, sued in their individual capacities, are 'persons' within the meaning of §1983."); *see also Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) (explaining that state officials may be held liable in their personal capacity for actions they take in their official capacity).

Here, Plaintiff sued Defendants in their individual capacities. Compl. at 1. Each Defendant is amenable to suit in their personal capacity for the unconstitutional conduct alleged in the Complaint. Therefore, Defendants' motion to dismiss must be denied.

## IV.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FAILURE TO TRAIN CLAIM BECAUSE THE COMPLAINT ALLEGES FACIALLY PLAUSIBLE FACTS SUFFICIENT TO STATE SUCH A CLAIM.

Defendants argue that Plaintiff's failure to train claim must be dismissed because the Complaint does not plead sufficient facts to state a claim under Section 1983. As discussed below, Plaintiff has pleaded sufficient facts to show that Suarez violated Kidwai's clearly established constitutional rights while acting in a supervisory capacity under the color of state law; a specific unconstitutional policy does not need to be pled to assert a sufficient failure to train claim. Therefore, the Court should deny Defendants' motion.

A supervising state actor, such as Suarez, can be individually liable under Section 1983 for failure to train if "with deliberate indifference to the consequences [s/he] established and maintained a policy, custom, or practice which directly caused the constitutional harm." *White v.*

*City of Vineland*, 500 F. Supp. 3d 295, 307 (D.N.J. 2020). Alternatively, the supervisor can face liability "if he participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id*. Further, a plaintiff is not required to allege an unconstitutional policy to properly plead a failure to train under Section 1983. *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) ("In the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under § 1983.").

Here, as discussed above, the Complaint alleges that the HCPO Defendants violated Kidwai's clearly established rights under the Fourth, Sixth, and Fourteenth Amendments, and that Suarez knew of and authorized the violations. *See* Compl. ¶¶ 43, 45. Additionally, Plaintiff pleaded sufficient facts for a failure to train claim because it is not necessary for Plaintiff to assert a specific unconstitutional policy for the claim to be actionable under Section 1983. Therefore, the Court should deny Defendants' motion to dismiss for failure to state a failure to train claim under Section 1983.

## V.   THE COURT SHOULD DENY DEFENDANTS MOTION TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM UNDER 42 U.S.C. § 1985 BECAUSE PLAINTIFF HAS ALLEGED FACIALLY PLAUSIBLE FACTS SUFFICIENT TO STATE A CLAIM.

Defendants argue that the Complaint must be dismissed because Plaintiff did not plead sufficient facts to state a cause of action for conspiracy under 42 U.S.C. § 1985. As discussed below, Plaintiff pleaded sufficient facts showing an agreement between at least Rubel, Weiner, Murphy, and Medina to violate Kidwai's clearly established constitutional rights by reviewing his attorney-client telephone communications, using them in his prosecution, and covering up the conduct. Therefore, the Court should deny Defendants' motion.

To state a claim under 42 U.S.C. § 1985, the plaintiff must allege: (i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of the conspiracy, and (iv) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Callaway v. Small*, 576 F. Supp. 3d 232, 249 (D.N.J. 2021). In particular, a plaintiff "must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010); *see Callaway,* 576 F. Supp. 3d at 249 ("To constitute a conspiracy, there must be a meeting of the minds.")

Here, the allegations in the Complaint are sufficient to survive a motion to dismiss because a conspiratorial agreement can be inferred from the allegations. The Complaint alleges that there was an agreement between Rubel, Murphy, and Weiner to violate Kidwai's constitutional rights by reviewing and summarizing his attorney-client telephone conversations and using the information obtained to prosecute Plaintiff. *See* Compl. ¶¶ 31-33. It is indisputable that Rubel took concerted actions towards the object of the conspiracy by listening to, reviewing, and summarizing the attorney-client telephone conversations and reporting back to Murphy and Weiner with her summary. Compl. ¶¶ 31, 36. It is fairly inferable from Rubel's summary of Kidwai's privilege communications that Weiner and Murphy directed and/or authorized Rubel to engage in such conduct, which Rubel agreed to. *See* Compl. ¶ 31. Moreover, a conspiratorial agreement can be inferred from Medina's and Suarez's conduct, because Medina utilized the information gained from Rubel's review and summary, and Suarez created and/or approved the practices, policies, and customs that allowed for members of the Hudson County Prosecutor's Office to agree to

deprive Kidwai of his constitutional rights. *See* Compl. ¶¶ 42, 43, 45. Therefore, the Court should deny Defendants' motion to dismiss or failure to state a claim for conspiracy under Section 1985.

## VI.    THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE THE COMPLAINT IS TIMELY.

Defendants argue that the Complaint must be dismissed because it is time-barred by the two-year statute of limitations applicable to Section 1983 actions. As discussed below, the Complaint is timely because Defendants covered up their conduct, and the claim accrued only when the State inadvertently produced Rubel's summary of Kidwai's attorney-client telephone calls in discovery in connection with Kidwai's criminal matter. Therefore, the Court should deny Defendants' motion.

Courts generally will not consider statute-of-limitations defenses on a motion to dismiss, prior to discovery, because they are fact intensive. *Hull v. Global Dig. Sols., Inc.*, No. 16-5153, 2017 U.S. Dist. LEXIS 208191, 2017 WL 6493148, at *8 (D.N.J. Dec. 19, 2017). Because of this high bar, a defendant must show not only that an applicable statute of limitations definitively bars a plaintiff's claim but also that no possibility of tolling applies. *Adie v. Stewart*, No. 20-6200, 2020 U.S. Dist. LEXIS 239506, 2020 WL 7488897, at *3 (D.N.J. Dec. 21, 2020).

Section 1983 and 1985 claims are governed by the two-year statute of limitations "applicable to personal-injury torts." *Estate of Lagano*, 769 F.3d at 859; *see* N.J.S.A. 2A:14-2. A claim accrues "when the plaintiff has a compete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal citations omitted). Further, "a statute of limitations may be tolled based upon equitable principles, including the discovery rule." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable

person." *Id*. The claim's accrual "will be postponed until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Id*.

Here, the at-issue conduct occurred more than two years before Kidwai filed suit. However, accrual of Kidwai's claim was tolled because Defendants' at-issue conduct was done in secret, kept secret from Plaintiff by Defendants and, indeed, never intentionally disclosed by Defendants to Plaintiff at any time. Compl. ¶ 34-35. Because Plaintiff was unaware he was injured, his claim did not accrue until he received from his attorney, Brian J. Neary, Esq., who was handing his criminal matter, the discovery package in which the State inadvertently produced Defendant Rubel's memo summary of Kidwai's attorney-client telephone calls. *See* Compl. ¶ 36. The secrecy of HCPO's conduct, the date when HCPO produced the Rubel memo to defense counsel in discovery, and the date when defense counsel provided discovery to Plaintiff, are all proper subjects of discovery.

There is no basis in the Complaint for the Court to conclude that the Complaint was not filed within two years of the date Rubel's memo was provided to Plaintiff. Thus, the Complaint is not time-barred.

## **CONCLUSION**

For the reasons stated above, the Court should deny the HCPO Defendants' motion to dismiss.

Respectfully submitted,

/s/ Alexandra M. MacDonald
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
Alexandra M. MacDonald, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
433 Hackensack Avenue
Hackensack, New Jersey 07601
t: (201) 441-9056
e: amacdonald@hdrbb.com

*Attorneys for Plaintiff*
*Yursil Kidwai*

Dated: August 20, 2024